UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BENCHMARK INTERNATIONAL
CSSB, LLC,

        Case No. 8:23-cv-02886

    Plaintiff,

v.

JEFFERY L. CACIOPPO,
JOSEPH COBB, ROOF ASSET
MANAGEMENT USA, LTD,

    Defendants.
_____/

## DEENDANT ROOF ASSET MANAGEMENT USA, LTD'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ROOF ASSET MANAGEMENT USA, LTD, ("**Defendant**") hereby files this *Defendant Roof Asset Management USA, LTD's Answer and Affirmative Defenses* ("**Answer**") in response to the *Complaint* (the "**Complaint**") filed by BENCHMARK INTERNATIONAL CSSB, LLC ("**Plaintiff**"), as follows:

## NATURE OF THE ACTION

1. Documents referenced speak for themselves, otherwise DENIED.[1]

2. Documents referenced speak for themselves, otherwise DENIED.

3. Documents referenced speak for themselves, otherwise DENIED. [2]

---

[1] Regarding allegations contained in footnote 1, the documents referenced speak for themselves, otherwise DENIED.
[2] Regarding allegations contained in footnote 2, the documents referenced speak for themselves, otherwise DENIED.

1

4. Documents referenced speak for themselves, otherwise DENIED.

5. Documents referenced speak for themselves, otherwise DENIED.

## PARTIES

6. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

7. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

8. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

9. ADMITTED for jurisdictional purposes only.

10. ADMITTED for jurisdictional purposes only.

## JURISDICTION AND VENUE

11. ADMITTED for jurisdictional purposes only. [3]

12. ADMITTED that this Court has personal jurisdiction over Defendants. The remaining allegations contained in Paragraph 12 of the Complaint are DENIED.

13. Documents referenced speak for themselves, otherwise DENIED.

14. ADMITTED that venue is proper in the Middle District of Florida.

---

[3] Regarding allegations contained in footnote 3, the documents referenced speak for themselves, otherwise DENIED.

## GENERAL ALLEGATIONS

15. Documents referenced speak for themselves, otherwise DENIED.

16. Documents referenced speak for themselves, otherwise DENIED.

17. Documents referenced speak for themselves, otherwise DENIED.

18. Documents referenced speak for themselves, otherwise DENIED.

19. Documents referenced speak for themselves, otherwise DENIED.

20. Documents referenced speak for themselves, otherwise DENIED.

21. Documents referenced speak for themselves, otherwise DENIED.

22. Documents referenced speak for themselves, otherwise DENIED. [4]

23. Documents referenced speak for themselves, otherwise DENIED.

24. Documents referenced speak for themselves, otherwise DENIED, including all sub-parts. [5] [6]

25. Documents referenced speak for themselves, otherwise DENIED.

26. Documents referenced speak for themselves, otherwise DENIED.

27. Documents referenced speak for themselves, otherwise DENIED.

28. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

---

[4] Regarding allegations contained in footnote 4, the documents referenced speak for themselves, otherwise DENIED.

[5] Regarding allegations contained in footnote 5, the documents referenced speak for themselves, otherwise DENIED.

[6] Regarding allegations contained in footnote 6, the documents referenced speak for themselves, otherwise DENIED.

29. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

30. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

31. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

32. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

33. Defendant is without information to form a conclusion as to these allegations and therefore DENIES same and demands strict proof.

34. Documents referenced speak for themselves, otherwise DENIED.

35. Documents referenced speak for themselves, otherwise DENIED.

36. Documents referenced speak for themselves, otherwise DENIED.

37. Documents referenced speak for themselves, otherwise DENIED.

38. DENIED.

39. DENIED.

40. DENIED.

41. DENIED.

## COUNT I
## Breach of Contract

42. Defendant re-avers and reincorporates its answers to Paragraphs one (1) through forty-one (41), as though fully set forth herein.

43. DENIED.

44. DENIED.

45. DENIED, including all sub-parts.

46. DENIED.

To the extent the Court deems a response is required to Plaintiff's "WHEREFORE" clause, Defendant DENIES the allegations contained therein and demands strict proof thereof. Defendant further DENIES that Plaintiff is entitled to any of the relief requested in its "WHEREFORE" clause and all sub-parts.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

By and through their Complaint, Plaintiff attaches and alleges a document titled *Terms of Engagement* (the "**Agreement**") is a controlling agreement by and between Plaintiff and Defendant. However, the Agreement is the product of fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, fraud in the performance, and constructive fraud. Because Plaintiff's fraudulent conduct negates any possibility for the actual bona-fide meeting of the minds required as a condition precedent to contract formation, the Agreement cannot be a

valid or binding contract. As a result, Defendant is excused from performance under the Agreement.

## SECOND AFFIRMATIVE DEFENSE

To the extent the Agreement is applicable with respect to Plaintiff and Defendant, Defendant is excused from performance by Plaintiff's myriad of material breaches of the Agreement, which include, but are not limited to, the following: (1) failure to provide ongoing negotiation with and pro-active management of all prospects; (2) failure to administer an online data room required for due diligence investigations; (3) failure to manage the process of responding to due diligence inquiries; (4) failure to negotiate additional financial deal points; (5) failure to collaborate with Defendant and other professionals on deal terms; (6) failure to perform ministerial duties, such as arranging and administering recurring deal status calls with all parties and preparing working group list and funds flow memo; (7) failure to exercise reasonable skill and care in accordance with customary practices; (8) failure to account for conflicts of interest in connection with proposed deal partners (including ABM Industries, JLL, GAF, Garland, and Sika Samafil); (8) failure to adhere to the following from paragraph 7(a): "Benchmark International believes it should not preclude its clients from any deal structure or bias them toward or away from any structure as a result of the definition of the Transaction Value."; and (9) to the extent the Agreement is valid, Plaintiff procured same and alleges

6

performance regarding same under color of fraudulent inducement, fraudulent misrepresentation, negligent misrepresentation, fraud in the performance, and constructive fraud. Plaintiff's material breach of the Agreement goes to the essence of the Agreement and excuses performance by Defendant.

### THIRD AFFIRMATIVE DEFENSE

To the extent the Agreement is an actual contract and Plaintiff's alleged performance in relation to the Agreement is not a breach of the Agreement excusing performance by Defendant, then ambiguity with respect to what constitutes performance by Plaintiff pursuant to the Agreement is such that Plaintiff effectively has no obligations under the Agreement, thereby rendering the Agreement illusory for want of mutuality and thus unenforceable. As a result, Defendant is excused from performance under the Agreement.

### FOURTH AFFIRMATIVE DEFENSE

To the extent the Agreement is an actual contract and Plaintiff's alleged performance in relation to the Agreement is not a breach of the Agreement excusing performance by Defendant, then ambiguity with respect to what constitutes performance by Plaintiff pursuant to the Agreement is such that Plaintiff effectively has no obligations under the Agreement. Enforcement of the Agreement with respect to, *inter alia*, fee and term provisions imposed on Defendant constitutes an unjust and undeserved advantage that would be inequitable to permit, thus rendering the

Agreement unconscionable. As a result, Defendant is excused from performance under the Agreement.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the Agreement is an actual contract and Plaintiff's alleged performance in relation to the Agreement is not a breach of the Agreement excusing performance by Defendant, then ambiguity with respect to what constitutes performance by Plaintiff pursuant to the Agreement is such that Plaintiff effectively has no obligations under the Agreement. The Agreement thus constitutes unscrupulous practices, overreaching, concealment, trickery, and other unconscientious conduct, constituting unclean hands with respect to Plaintiff. As a result, it would be inequitable to not excuse Defendant from performance under the Agreement.

## SIXTH AFFIRMATIVE DEFENSE

To the extent the Agreement is an actual contract and Plaintiff's alleged performance in relation to the Agreement is not a breach of the Agreement excusing performance by Defendant, then ambiguity with respect to what constitutes performance by Plaintiff pursuant to the Agreement is such that Plaintiff effectively has no obligations under the Agreement. Plaintiff's conscious and deliberate failures and/or refusal to discharge contractual responsibilities, unfairly frustrates the Agreement's purpose and disappoints Defendant's expectations, deprives Defendant

of the benefits of the Agreement, and visits damages upon Defendant. Plaintiff breached the implied covenant of good faith and fair dealing and Defendant is excused from performance under the Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent the Agreement is an actual contract and Plaintiff's alleged performance in relation to the Agreement is not a breach of the Agreement excusing performance by Defendant, then ambiguity with respect to what constitutes performance by Plaintiff pursuant to the Agreement is such that Plaintiff effectively has no obligations under the Agreement. The purposes of the Agreement and those which were bargained for have become frustrated because of Plaintiff's lack of performance pursuant to the Agreement, thereby resulting in a failure of consideration. Defendant's performance under the Agreement is excused by the doctrine of commercial frustration.

### EIGHTH AFFIRMATIVE DEFENSE

Paragraph 7(a) of the Agreement states: "The parties therefore agree that Transaction Value means the total benefit received or to be received by any Client and any of Client's affiliates or related parties (each Client, affiliate, and related party, Client Party) pursuant to the Transaction regardless of the source, form, or timing of such consideration and that such consideration may consist of one or more of the following illustrative examples if, in the sole discretion of Benchmark

international, inclusion of such consideration would be warranted to calculate the total benefit received or to be received by any Client Party pursuant to the Transaction:…" Addendum A to the Agreement changes "sole discretion" to "reasonable discretion." Transaction Value alleged by Plaintiff is beyond the bounds of reasonable discretion.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, equitable estoppel, and laches.

## RESERVATION OF RIGHTS & NON-JURY TRIAL REQUEST

To the extent anything is contained in the Complaint, is alleged by Plaintiff regarding Defendant in any way whatsoever, or is otherwise involving Defendant in any way whatsoever, and is not explicitly addressed in this Answer, then it is hereby DENIED in its entirety. Defendant reserves the right to amend and/or supplement this Answer and raise additional affirmative defenses, or to file any additional pleadings as discovery or anything else may reveal as necessary or appropriate. Lydecker LLP has been retained to represent Defendants in this action and is entitled to a reasonable fee for legal services provided. Defendants hereby reserve the right to seek and be entitled to an award of costs and attorneys' fees as the prevailing party in this case. Defendants explicitly request a non-jury trial.

Dated: January 31, 2024

Respectfully submitted,

LYDECKER LLP
*Counsel for Defendant Roof Asset Management USA, Ltd*
1221 Brickell Avenue, 19th Floor
Miami, Florida 33131
Telephone: (305) 416-3180
Facsimile: (305) 416-3190

BY:    */s/ Forrest L. Andrews*
      FORREST L. ANDREWS, ESQ.
      Florida Bar No.: 17782
      Email: fla@lydecker.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court and served via CM/ECF upon counsel for Plaintiff, Jason H. Baruch, Esq., HOLLAND & KNIGHT LLP, 100 North Tampa Street, Suite 4100, Tampa, FL 33602-3644 on January 31, 2024.

BY:    */s/ Forrest L. Andrews*
      FORREST L. ANDREWS, ESQ.
      Florida Bar No. 17782